United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>BRUCE A. PADMORE, et al.,<br><br>                    Defendants. | Case No.: CR 12-0580 PJH (KAW)<br><br>ORDER MODIFYING CONDITIONS OF RELEASE |

On August 20, 2012, the Court held a hearing on defendants' Bruce A. Padmore and Mary Vicencia Echeverria-Quigley's request to modify the conditions of their pretrial release to allow them to live together. The defendants are charged in an indictment with violations of 21 U.S.C. § 841(a)(1) (Manufacture and Possession with Intent to Distribute Marijuana), § 846 (Conspiracy to Manufacture, to Possess with Intent to Distribute, and to Distribute Marijuana), and § 856 (Maintaining a Place for Manufacturing and Distributing Marijuana).

At the hearing, Assistant United States Attorney Susan Cushman appeared on behalf of the government. Padmore was present and represented by attorney Brendan Conroy. Echeverria-Quigley was excused from attendance because she resides in Arizona, but Assistant Federal Defender Joyce Leavitt appeared on her behalf.

The undersigned released Echeverria-Quigley from custody on August 1, 2012, with conditions of release, including that she was to have no contact with her co-defendant outside of the presence of counsel. Defense counsel indicated that Echeverria-Quigley would seek modification of this condition at a future date. On August 10, 2012, United States Magistrate Judge Lawrence Anderson of the District of Arizona released Padmore, also with the condition that he "avoid all direct or indirect contact with" Echeverria-Quigley.

The defendants, who are in a romantic relationship, requested that the conditions of their release be modified so that they could live together, on the condition that they not discuss the case. The assigned Pretrial Services Officer in Arizona indicated that after meeting both of the defendants, she would not object to them being allowed to live together. The defendants argued that they had been living together in Arizona for two years following the 2010 search that led to the instant charges against them, until they were arrested in 2012, and that therefore no harm will result from their continued cohabitation. Moreover, Padmore, who suffers from various medical conditions and is unemployed, is financially dependent on Echeverria-Quigley.

The government argued that the defendants should not be allowed to live together because a gun was found at their residence, and both defendants had threatened the confidential informant in this case. Defendants responded that the gun belonged to Echeverria-Quigley's father, and that they did not threaten the confidential informant, but merely warned him that other people wanted to harm him.

After considering the parties' arguments and Pretrial Services' recommendation, the Court finds that if the defendants are allowed to live together, the conditions of their release will still reasonably assure their appearances and the safety of the community. *See* 18 U.S.C. § 3142(c).

The conditions of defendants' release are hereby modified to allow them to live together, but they must not discuss this case with one another outside of the presence of counsel.

IT IS SO ORDERED.

DATED: August 22, 2012

KANDIS A. WESTMORE
United States Magistrate Judge